UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Richard B. Weiss, | Case No. 20-cv-1271 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Federal Insurance Company, *an Indiana Corporation*, | |
| Defendant. | |

---

Daniel B. O'Leary, Mansur & O'Leary, P.A., 10 Windy Hill Road, Sunfish Lake, MN 55077 (for Plaintiff); and

Brian A. Wood, Lind Jensen Sullivan & Peterson, PA, 901 Marquette Avenue South, Suite 1300, Minneapolis, Minnesota, 55402 (for Defendant).

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Federal Insurance Company's Motion to Strike the February 2020 Report and Exclude the Testimony of Expert Witness Dr. Louis C. Saeger, M.D. ("Dr. Saeger") (ECF No. 18). For the reasons that follow, Defendant's motion is denied and an Amended Pretrial Scheduling Order shall issue.

## II. BACKGROUND

### A. The Complaint

Plaintiff Richard Weiss brought this lawsuit against Defendant seeking underinsured motorist coverage for a motor vehicle accident that occurred in 2007. (*See*

1

*generally* Compl., ECF No. 1-1 at 3-7.) Attached to the Complaint was a letter from Dr. Saeger following an "[i]nitial [p]ain [m]anagement [e]valuation" in February 2020, which discussed, among other things, possible treatment options and procedures for evaluating Plaintiff's ongoing neck pain (the "February 2020 Report"). (*Id.* at 8-10.) The Complaint stated that the February 2020 Report "indicate[d] a treatment plan to determine whether appropriate pain relief can be obtained by Plaintiff and that [this plan] is necessary to obtain a proper future prognosis for Plaintiff." (*Id.* at 7.) The Complaint further stated that, "due to COVID-19, the necessary treatment for Plaintiff ha[d] been suspended and it [wa]s unknown as to when such treatment will be able to be accomplished." (*Id.*)

### B. References to Dr. Saeger During Discovery

The Court entered a Pretrial Scheduling Order in July 2020. (*See generally* Pretrial Scheduling Ord., ECF No. 11.) Under the Pretrial Scheduling Order, the deadline for Plaintiff to identify and disclose the reports of his principal expert witnesses was May 28, 2021. (*Id.* at 2.) The Pretrial Scheduling Order also cautioned that

> [f]ailure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

(*Id.* at 5.)

Throughout discovery, Plaintiff expressed his intention to use Dr. Saeger as an

expert witness. For example, Plaintiff notified Defendant of his intention to call Dr. Saeger as an expert witness at trial in his initial disclosures. (Pl. Initial Disclosures at 3, ECF No. 21-2.) Plaintiff again identified Dr. Saeger in response to an interrogatory asking whether he intended to call expert witnesses at trial. (Pl. Answers to Interrogs. at 11-12 (Interrog. No. 19), ECF No. 21-3.) In his response, Plaintiff indicated that he was "still pending further medical treatment by Dr. [Saeger]" and that it was "premature to obtain [Dr. Saeger's] report on the future prognosis and a summary of all of his opinions." (*Id.* at 12.) Plaintiff further indicated that he would "provide [the expert report] to defense counsel as soon as [he was] able to obtain such report." (*Id.*)

The Pretrial Scheduling Order also required the parties to submit periodic status letters. (Pretrial Scheduling Ord. at 4.) In the October 2020, the January 2021, and the April 2021 letters, Plaintiff informed the Court of delays he experienced in getting Dr. Saeger's expert report.[1] (Pl. Opp'n at 3-4, ECF No. 25.) Plaintiff did not, however, move for an extension of the May 28, 2021 disclosure deadline.

**C. Deposition of Dr. Saeger**

Four months later, during the September 2021 deposition of Dr. Saeger, Defendant learned that Dr. Saeger's expert report was still forthcoming. (*See* Dep. of Dr. Louis Saeger at 5:12-7:10, ECF No. 21-4.) Plaintiff's counsel emphasized that "a final evaluation report or diagnostic report" could not be completed until his client had undergone radiofrequency neurotomy ("RFN") treatment which had been delayed due to COVID-19 and only recently

---

[1] While these letters were intended to be confidential (*see* Pretrial Scheduling Ord. at 4), Plaintiff has disclosed this particular information in his publicly filed memorandum.

completed. (*Id.* 5:12-8:7; *see id.* 10:1-12:14.) Plaintiff's counsel stated, and Dr. Saeger agreed, that Dr. Saeger was not in a position to opine on Plaintiff's future prognosis until the RFN treatment and a sufficient waiting period had occurred. (*Id.* at 7:15-8:17, 11:24-12:14.)

### D. Motion to Strike & October 2021

Defendant moves to strike the February 2020 Report and exclude Dr. Saeger's testimony at trial. In brief, Defendant asserts Plaintiff has failed to timely provide an expert report satisfying the requirements of Rule 26, such failure was neither substantially justified nor harmless, and, as a consequence, Dr. Saeger should not be permitted to testify at trial under Rule 37. Plaintiff opposes the motion. Among other things, Plaintiff attached to his opposition Dr. Saeger's "final" expert report ("October 2021 Report") dated October 4, 2021. ECF No. 29.[2]

## III. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(D) requires that a party make expert disclosures at "the times and in the sequence that the court orders." Unless otherwise stipulated or ordered by the court, such disclosures "must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must contain:

> (i) a complete statement of all opinions the witness will express

---

[2] The October 2021 Report appears to have been filed twice. *See* ECF Nos. 29, 30.

4

>and the basis and reasons for them;
>
>(ii) the facts or data considered by the witness in forming them;
>
>(iii) any exhibits that will be used to summarize or support them;
>
>(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
>(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
>(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *United States ex rel. Higgins v. Boston Sci. Corp.*, No. 11-cv-2453(JNE/TNL), 2021 WL 1661255, at *5 (D. Minn. Apr. 27, 2021) (quoting Fed. R. Civ. P. 37(c)(1)).

>In determining whether a violation was substantially justified or harmless under Rule 37(c), district courts consider four factors: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used . . . ; and (4) the availability of a continuance to cure such prejudice.

5

*Id.* at *5 (quotation omitted) (alteration in original).

Rule 37(c) also provides that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may "order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A), (C); *see also Vanderberg*, 906 F.3d at 702-03. In sum, "[w]hen a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Notably, the Eighth Circuit Court of Appeals has observed that "the exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* (quotation omitted).

### B. Discussion

The Court begins with the February 2020 Report and then turns to the October 2021 Report.

#### 1. February 2020 Report

There is no real dispute that the February 2020 Report does not comply with the requirements of Rule 26. As Defendant correctly points out, the February 2020 Report is missing several things—the most important of which is "a complete statement of all opinions [Dr. Saeger] will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The February 2020 Report is simply a summary of Plaintiff's initial pain management evaluation with Dr. Saeger, including Plaintiff's history, a diagnostic plan, and potential treatment options. Nor did the February 2020 Report include "a list of all

6

other cases in which, during the previous 4 years, [Dr. Saeger] testified as an expert at trial or by deposition" or "a statement of the compensation to be paid [to Dr. Saeger] for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(v), (vi). The February 2020 Report plainly does not meet the requirements of Rule 26 and cannot be said to satisfy Plaintiff's disclosure obligations with respect to the use of Dr. Saeger as an expert witness.

Plaintiff's response is not that the February 2020 Report was sufficient under Rule 26, but that Defendant should have been aware that Dr. Saeger's expert report could not have been issued until after the RFN treatment had occurred and Dr. Saeger was in a position to render an opinion. As the Court understands Plaintiff's position, Defendant should have "ask[ed Plaintiff] when a report was forthcoming from [Dr. Saeger]" rather than "'lay in weeds.'" Pl. Opp'n at 7. But it was Plaintiff's obligation to be mindful of and comply with his own expert disclosure deadline, not Defendant's responsibility to ask if he intended to.

2. **October 2021 Report**

The Court now turns to the October 2021 Report and the question of whether Plaintiff's failure to timely disclose the opinions of Dr. Saeger was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). As stated above, the Court looks at the following factors in determining whether the untimely disclosure is substantially justified or harmless: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used at trial; and (4) the availability of a continuance to cure such prejudice. *Higgins*, 2021 WL 1661255, at *5.

### a. Importance of the Excluded Material

Defendant asserts that Dr. Saeger's opinions are of little importance in this case because Plaintiff has two other medical experts available to testify at trial. It is true Plaintiff has identified two other medical experts, a chiropractor and a surgeon. (*See, e.g.*, Pl. Initial Disclosures at 3; Pl. Answers to Interrogs. at 11-12 (Interrog. No. 19); Pl. Opp'n at 8.) But, their areas of expertise are not pain management, and, based on the record before the Court, there is no indication that either of these experts is able to speak to the RFN treatment Plaintiff has received, his response(s) thereto, and a need for such treatment in the future. Dr. Saeger's opinions go directly to Plaintiff's asserted need for ongoing RFN treatment, which makes up a substantial if not the majority of the future medical expenses Plaintiff seeks. The Court is hard-pressed to conclude that Dr. Saeger's opinions are merely duplicative of other opinion evidence and of little importance in this case.

### b. Adequacy of Explanation

The Court is sympathetic to the delays, complications, and unexpected challenges wrought by COVID-19 not only in the practice of law but in nearly every aspect of daily life. The Court also appreciates the candor of Plaintiff's counsel in acknowledging the better practice would have been to move for an extension of the deadline for expert disclosures. Without belaboring the point, the pandemic does not permit a party to unilaterally determine that it need not comply with existing deadlines. When it became clear that the deadline could not be met, Plaintiff should have moved to amend the Pretrial Scheduling Order.

### c. Potential Prejudice to Opposing Side

Defendant asserts that it "will be forced to incur a significant amount of unnecessary, new expenses" should the October 2021 Report be permitted. (Def. Mem. in Supp. at 10, ECF No. 20.) At a minimum, Defendant asserts that it will need to depose Dr. Saeger a second time and "will also have to pay its experts to review [Dr.] Saeger's report and prepare new reports." (*Id.*) Defendant further asserts that the time for these things to take place along with any corresponding continuance to any other case deadlines will result in additional delay.

The Court finds it would be prejudicial to Defendant to permit Plaintiff to call Dr. Saeger and use the October 2021 Report without giving Defendant an opportunity to respond to the opinions contained therein. The Court also agrees that it would be prejudicial for Defendant to bear all expenses in connection with Plaintiff's untimely disclosure of the October 2021 Report. For the reasons stated in the next section, however, the Court finds that any prejudice to Defendant can be largely cured through a continuance and opportunity to respond to the October 2021 Report along with a reimbursement of certain expenses.

### d. Availability of a Continuance to Cure Prejudice

The Court is mindful of the fact that, as a practical matter, any continuance necessarily results in some delay. While this case stems from events taking place in 2007, the litigation itself has been pending for approximately a year and a half. There have been no modifications of the Pretrial Scheduling Order. There has been no pattern of delay or dilatory conduct. The Court concludes the reasonable delay necessary to allow Defendant sufficient time to respond to the October 2021 Report does not amount to undue delay of

9

these proceedings, and an Amended Scheduling Order shall issue.

Rule 37 authorizes the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to timely disclose an expert report. Fed. R. Civ. P. 37(c)(1)(A). The Court's Pretrial Scheduling Order also warned that a "[f]ailure to comply with any provision of this Order" could result in the "assessment of costs, fines and attorneys' fees and disbursements." (Pretrial Scheduling Ord. at 5.)

With admirable directness, Plaintiff's counsel requests that, should "the Court feel[] that punishment is in order, the Court should assess that punishment against Plaintiff[']s counsel," not Plaintiff for counsel's error. (Pl. Opp'n at 11.) The Court will order Plaintiff's counsel to cover the costs of the following expenses incurred by Defendant in light of the untimely disclosure: (1) fees and expenses for the September 27, 2021 deposition of Dr. Saeger, which was terminated shortly after it became known that Dr. Saeger's expert report was still forthcoming; and (2) reasonable attorney fees incurred in bringing the instant motion. Reimbursement of these expenses will place Defendant in nearly the same position it would have been had the October 2021 Report been timely disclosed and effectively cure the prejudice to Defendant. Under the circumstances of this case, the Court declines to award those fees and expenses for Defendant's expert witness(es[3]) to review the October

---

[3] Plaintiff asserts that Defendant "should not be giving Dr. Saeger's report to his 'experts'" (plural), only to Dr. Rohaan Mehta, who is Defendant's expert "evaluat[ing] pain management and potential RFN treatment." (Pl. Opp'n at 6.) Plaintiff states that he accommodated Defendant's request for two independent medical examinations with the understanding that Defendant's experts would be focused on different medical aspects of the case. According to Plaintiff, "the only reason [he] agreed to two [independent medical examinations] was that *only [Defendant's] pain specialist IME* [sic] would be evaluating Dr. Saeger's opinions and procedures." (Pl. Opp'n at 8.)
    The record does not contain a memorialization of any agreement between the parties with respect to the scope of Defendants' experts. The Court has no reason to doubt the representations of Plaintiff's counsel. The Court will not, however, expressly limit access to the October 2021 Report or restrict any supplementation solely to Dr. Mehta. Had the October 2021 Report been timely provided, it arguably would have been available to each of

2021 Report and submit any supplemental report(s). Had the October 2021 Report been timely disclosed, Defendant would have still incurred the expenses of expert review in the ordinary course.

### 3. Conclusion

Although the untimely disclosure of the October 2021 Report was not substantially justified, the Court concludes that the harsh sanction of exclusion is not warranted given the importance of Dr. Saeger's opinions and the October 2021 Report to Plaintiff's case. The Court further concludes that any prejudice to Defendant can be largely if not entirely ameliorated by a continuance and payment of expenses, essentially rendering Plaintiff's untimely disclosure harmless. Therefore, Defendant's motion is denied.

## IV. ORDER

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Strike the February 2020 Report and Exclude the Testimony of Expert Witness Dr. Louis C. Saeger, M.D. (ECF No. 18) is **DENIED**.

2. Defendant is awarded the following expenses to be paid by Plaintiff's counsel:

   a. Fees and expenses for the September 27, 2021 deposition of Dr. Saeger; and

   b. Reasonable attorney fees incurred in bringing the instant motion.

   The parties are first directed to attempt to resolve payment of these expenses amongst themselves without Court intervention. Should the parties be unable to do so, the parties are directed to file a joint letter with the Court.

---

Defendant's experts. That being said, nothing in this Order should be interpreted to override or otherwise void any agreement the parties may have previously reached regarding the relative scope of Defendant's experts. If the parties agreed that only Dr. Mehta would be opining on pain management and RFN treatment, the Court expects Defendant to continue to abide by the parties' agreement.

3. An Amended Pretrial Scheduling Order shall be issued.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like including without limitations: exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January  4 , 2022                     *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *Weiss v. Federal Insurance Company*
                                            Case No. 20-cv-1271 (ECT/TNL)